*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

STEVEN CARL FULTZ,

        Defendant-Appellee.

UNPUBLISHED
January 21, 2020

No. 346004
Wayne Circuit Court
LC No. 16-004763-01-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOHN ALEXANDER MCKEE,

        Defendant-Appellee.

No. 346006[1]
Wayne Circuit Court
LC No. 16-004763-02-FH

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In these consolidated appeals, the prosecution appeals as of right the orders dismissing with prejudice the cases against defendants Steven Carl Fultz and John Alexander McKee. We affirm.

---

[1] On October 31, 2018, this Court entered an order consolidating these two appeals. *People v Fultz*, unpublished order of the Court of Appeals, entered October 31, 2018 (Docket Nos. 346004 and 346006).

Defendants, who were Detroit police officers at the time of the underlying incident, were charged with misconduct in office, MCL 750.505, after it was alleged that they filed a false police report in connection with the arrest of Darreyl Coneal. *People v Fultz*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2018 (Docket Nos. 337279 and 337284), p 1. The first trial against defendants ended with a mistrial because of a hung jury. *Id*. Defendants were retried, and their second trial resulted in a mistrial after the trial court found that the prosecutor, Carmen DeFranco, intentionally elicited improper testimony from a witness, Sarah DeYoung[2]. *Id*. at 1-2. In granting the second mistrial, the trial court dismissed the cases against defendants with prejudice, thereby barring retrial. *Id*. The prosecutor appealed the court's orders dismissing the cases with prejudice. *Id*. at 1. On appeal, this Court affirmed the trial court's grant of a mistrial, but remanded for a factual determination of whether the prosecutor intentionally goaded defendants into moving for a mistrial. *Id*. at 6. On remand, the trial court determined that the prosecutor did intentionally goad defendants into moving for a mistrial, and therefore, dismissed the cases with prejudice. The prosecution now appeals this determination.

The hearing after remand occurred on September 27, 2018. The hearing was originally scheduled to occur on September 28, 2018, but the hearing date was changed by Judge Qiana Lillard. The prosecution had subpoenaed DeFranco to appear on September 28, 2018. The trial court determined that it did not need to hear from DeFranco because he "had the full opportunity to say whatever he wanted to say when he was in the moment . . . ." Furthermore, the court explained that DeFranco

> was very clear and on the record about what he did and why he did it. And so some attempt for him to retroactively try to cover up his prosecutorial misconduct by coming in at a post-conviction hearing and trying to clean up what he did is not something that I'm willing to entertain, and I don't have any need to hear from any witnesses.

After the court determined that it did not need DeFranco to testify, the parties made their arguments. The prosecution argued that DeFranco did not intend to goad defendants into moving for a mistrial. Rather, DeFranco was "trying to win" and "got overly aggressive." The defense attorneys argued that DeFranco did intentionally goad defendants into moving for a mistrial because DeFranco did not believe he could win the case. The only reason for DeFranco to ask the question of DeYoung was to provoke the defense into moving for a mistrial.

After explaining the facts of the case, the trial court explained that Judge Michael Hathaway's ruling was that DeYoung could provide factual, but not opinion, testimony. The court found that DeFranco intentionally elicited opinion testimony from DeYoung that DeFranco knew was afoul of Judge Hathaway's ruling. In its order the court made the following findings of fact:

---

[2] DeYoung was the prosecutor assigned to the Coneal case.

That the Assistant Prosecuting Attorney knowingly and willfully elicited testimony outside the parameters of the pretrial limitations; that the assistant prosecuting attorney knew the testimony to be improper at the time he elicited it; further the assistant prosecuting attorney stated on the record that he strategically engaged in a line of questioning designed to elicit the prohibited testimony.

On appeal, the prosecution argues that the trial court clearly erred when it found that DeFranco goaded defendants into moving for a mistrial. We disagree.

A trial court's factual findings "are subject to appellate review under the 'clearly erroneous' standard." *People v Dawson*, 431 Mich 234, 258; 427 NW2d 886 (1988). A finding is clearly erroneous "if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002).

"Retrials are an exception to the general double jeopardy bar." *Dawson*, 431 Mich at 257. "Where a mistrial results from apparently innocent or even negligent prosecutorial error, or from factors beyond his control, the public interest in allowing a retrial outweighs the double jeopardy bar." *Id*. (footnote omitted). "The balance tilts, however, where the judge finds, on the basis of the 'objective facts and circumstances of the particular case,' that the prosecutor intended to goad the defendant into moving for a mistrial." *Id*.

At issue is whether the trial court clearly erred when it determined DeFranco intentionally goaded defendants into moving for a mistrial after making the following findings of fact:

That the Assistant Prosecuting Attorney knowingly and willfully elicited testimony outside the parameters of the pretrial limitations; that the assistant prosecuting attorney knew the testimony to be improper at the time he elicited it; further the assistant prosecuting attorney stated on the record that he strategically engaged in a line of questioning designed to elicit the prohibited testimony.

The prosecution argues that these findings were clearly erroneous because the parameters of Judge Hathaway's ruling were unclear and open to interpretation. Defendants argue the opposite.

At the final conference, during which DeYoung's testimony was discussed, Judge Hathaway ruled: "[DeYoung] can simply say I saw an insurmountable irreconcilability here in the evidence and I didn't think I could go forward" against Coneal and "[t]hat's it." Judge Hathaway also ruled that DeYoung could not offer her opinion on whether defendants "falsified" the reports. It was thus clear from Judge Hathaway's ruling that DeYoung's testimony would be limited to testimony concerning the "insurmountable irreconcilability" she saw with the evidence and "that's it." Testimony about DeYoung's ethical duty as a prosecutor fell beyond the limits set by Judge Hathaway. As stated in the previous opinion of this Court, "the prosecutor admitted to intentionally eliciting testimony of DeYoung's 'ethical duty' to not go forward with the case against Coneal, which was beyond the scope of DeYoung's permitted testimony." *Fultz*, unpub op at 6.

Despite these limitations on DeYoung's testimony, DeFranco engaged in the following line of questioning:

> *Q*. Ms. DeYoung, why did you feel you could not go forward with this case?
>
> *A*. Because I now had inconsistencies between what I was hearing in the audio and what I was reading in the police report.
>
> *Q*. How does that affect your ability as a prosecutor to go forward with the case?
>
> *A*. I have a duty an ethical duty to only present evidence in good faith and I could not do that in this case.

The implication from DeYoung's testimony is that she could not go forward against Coneal because she believed the reports were falsified. Such testimony was prohibited. DeFranco admitted at trial that he purposefully elicited DeYoung's response. DeFranco did so because he did not believe that the elicited response was barred by Judge Hathaway's ruling. Despite DeFranco's assertions to the contrary, the trial court found that DeFranco knew that the testimony was improper at the time he elicited it. The trial judge was in the best position to make this determination as she had the benefit of witnessing the events as they unfolded at trial. See MCR 2.613(C) ("Findings of fact by the trial court may not be set aside unless clearly erroneous. In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it."). Therefore, the trial court's finding that DeFranco intentionally goaded defendants into moving for a mistrial was not clearly erroneous.

Given our resolution above, we need not address the prosecution's argument that this case should be remanded to a different judge.

Affirmed.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen